Good morning. Welcome to the Ninth Circuit. We are happy to see you here. Judge Tashima and I would like to extend a special welcome to Judge Zuhari, who is visiting with us. We are very grateful for your willingness to come out to Pasadena and sit with us this week. We will hear the cases in the order that they appear on the calendar. The first case for argument is Malibu Textiles, Inc. v. Label Lane International, Inc. and So if counsel could come forward, we are ready to hear you. Good morning. May it please the Court, Stephen Doniger of Doniger Burroughs for the appellant. At this time, I would like to reserve three minutes for rebuttal, please. Thank you. There are three points that I would like to discuss today, and the first two are somewhat interrelated. The District Court erred in finding that Malibu failed to plead the copying of protectable expression, and the second point, which is interrelated, is that the complaint as pled properly stated a claim of not only striking similarity, I'm sorry, substantial similarity, but striking similarity. In L.A. Print Texts v. Oropestal, the Ninth Circuit held that while the idea of floral designs and combinations of flowers… Excuse me, before you go on, when you say, for a clear reference, when you say as pled, which complaint are you talking about? I'm talking about the operative complaints in each of the two cases that were dismissed, which contained substantially identical allegations. Not the one that was tendered but not accepted? Not the one that was tendered but not accepted. Okay, got you. Go ahead. The complaints that were dismissed, well, I'll get to those in just a moment. In L.A. Print Texts v. Oropestal, the Court held that floral designs are not only entitled to protection, but broad protection, because of the, in the Court's words, gazillions of ways that they can be rendered and that the elements can be laid out in a design. In this case, on its face, the operative pleadings that were dismissed contained images that showed that these were not lifelike representations of flowers, but they were stylized renderings of flowers with leaves and petals and elements and botas and dots that are precisely the type of work that should be entitled to broad protection under Oropestal, at least for purposes of the pleading. And the pleading that were dismissed showed that design next to the H&M design, which contained virtually identical, if not identical, elements in the same order. And again, given the gazillions of ways that there are to render such works, that similarity has to be found striking. In fact, what Malibu did in the operative complaint that was dismissed is precisely what this Court had indicated the last time we were here would sufficiently plead access through striking similarity. So those first two points that I'd like to make are simply that, that the complaint did not properly allege a design that on its face is entitled to broad copyright protection, allege the copying of protectable expression, and in fact showed striking similarity. The third point that I want to make is that even if there were no striking similarity, the complaints that were dismissed should not have been dismissed because they were properly pled. And there are three reasons for this. The first is that the Supreme Court in Iqbal and Twombly specifically note that they do not require detailed factual pleading. To be clear, we agree with, I mean, of course, how could I not agree with the Supreme Court? But we acknowledge that the days when simply alleging the elements of a cause of action and hoping for the best to trial are, should be gone. But Malibu in this case did not simply, even in the bare bones other access allegations, and they are somewhat bare bones admittedly, but they are not simply the elements of the claim. Malibu didn't simply say H&M had access. It provided facts, not detailed factual allegations, but fact. It said we have a showroom. That's not an element of a cause of action. It's a fact that leads to an inference that designs are accessed through showrooms. Garments in the marketplace, that's a fact. It's not an element of a cause of action. And while at the last time we were here, there's a question, well, why shouldn't we require further pleading, further factual allegations? Well, the Supreme Court specifically says that's not necessary. So the question is, should it be required in the context of a copyright case like this one? And certainly it's for this Court to say what level of factual pleading is necessary, but there are two other reasons why a higher level should not be. And the first is that in the context of copyright cases, the Ninth Circuit has repeatedly reaffirmed that there is a sliding scale, the inverse ratio rule between access and substantial similarity. And this goes back to the 1970s, the Sid and Marty Croft case, and a whole line of cases through the 2010s, most recently the Warner Brother case, in which the Ninth Circuit has reiterated that where there's a higher degree of access shown, a lower degree of substantial similarity is necessary to show. Conversely, where there's a higher degree of substantial similarity, a lesser showing of access is required. And on that scale, the far end of the scale, is striking similarity in which no other evidence of access is necessary. Where are you in this case on that scale? Well, as we've indicated, we think that the complaint sets forth a claim for striking similarity. But even if somehow this Court said, we're not convinced this led to striking similarity Which the district court found. Well, yes. It identified the similarities as non-protective elements. Right. Which again, under LA Printex v. Eropostal, is incorrect. And moreover, another passage from LA Printex v. Eropostal, the same sorts of arguments were made in Eropostal about slight differences in the design as the district court found here. The district court said, well, they removed the shading around it. The netting in the background is less tight. Those are precisely the types of changes that are made in order to do a less expensive version of something. They are from the printing process. And in Eropostal, the court, the Ninth Circuit specifically, just cast aside these differences and said a jury could easily find that those are simply the result of an inferior printing process, which is exactly what's going on in this case. But again, even if there's not striking similarity, there is unquestionably a high, high, high level of substantial similarity when you look at the individual elements and the layout of those elements. Is that technical? Three highs? Is that high, high? Probably just zealous advocacy, Your Honor. And so my point, though, is that a one-size-fits-all requirement for pleading access is inappropriate and, in fact, does a disservice or potentially undermines the inverse ratio rule that says that when the court looks at the level of substantial similarity, that has to be taken into account in evaluating the quantity of additional facts that should be properly pled in access. And in this case, you've got a high level of substantial similarity, even if there's no striking similarity. What's the legal significance, help me, between substantial similarity and striking similarity? Substantial similarity is where you can see the copying of protectable expression. You can see, which can include the selection arrangement of elements. Striking similarity is a similarity, it doesn't have to be identical, but it's a similarity that is so striking, so notable that it's extraordinarily difficult to conceive of the works having been independently created. It just raises it to that level that it's... And if you look side-by-side at the images in this case, which applies, striking or substantial? I believe striking, and that in and of itself is grounds for reversal. But I think there's a bigger issue here. I think there's a bigger issue that this court could address if it so chose. And I want to give you just... The degree of that similarity, is that a question of fact or a question of law? It's absolutely a question of fact for the jury. In fact, I believe the Ninth Circuit's Model Jury Instruction 17.18 on access specifically advises the jury that striking similarity is one of the ways that it can conclude that the access problem has been satisfied. If I may, it's anecdotal, but there's a case from 2010, Caribbean Blue Zinc versus Target. It's a case that I personally was involved in, where our client had found garments at where some of the elements were the same, but a lot of them had been changed. But the layout of the elements was all... They knew this was a derivative of their work. Their design had not... They could not establish widespread dissemination. It was sold, but not that much. They had no idea how the defendants got the design. And they could not...  In that case, it wasn't until the discovery phase that we found out that the designer of the offending pattern had used as inspiration a garment bought in the marketplace. And when we pushed and we found out what that garment was, lo and behold, it was our client's design. And before the case went to trial, the defendants actually stipulated liability and we tried the case based on damages. This is how... When we talk about the elements... Sorry. When we talk about the pleading at issue in this case about accessing garments in the marketplace, this is actually how defendants, and I don't mean in this case particularly, but how clothing companies, they check to see what's hot, what's on trend, what's being sold. They look in the marketplace. They get inspiration. This is beyond possible. This is actually... It's a plausible way of access that is in fact the case. And in the EKB case that I just mentioned, if the plaintiff were required to plead specific fact of widespread dissemination, striking similarity, or a direct chain of events, a case that was a legitimate infringement case probably would not have made it past the pleading stage. Iqbal and Toombly clearly need to be taken seriously, but reading those cases instructs that they are concerned. Iqbal was an antitrust case dealing with one of the largest telecom providers in the nation, facts spanning over seven years. The Toombly case involved high-ranking government officials and these allegations of conspiracy that are inherently less plausible than a defendant taking a design that they don't own of flowers and reproducing it. This court, the Ninth Circuit, recognized in Starr v. Baca, 652 F.3.1202, that since Iqbal and Toombly, the courts have not uniformly applied the level of factual pleading necessary in cases, but that there are two overriding principles that guide those decisions consistently. What the court said, and I quote, whatever the difference between these cases, we can at least state the following two principles common to all of them. The court goes on to say, the first principle is that the allegations in a complaint may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice. In this case, Malibu's design is clearly identified by registration, by name, an image of the design. The offending H&M product is clearly identified by SKU number and image. The allegations are sufficient in this case to give fair notice. And second, the court in Baca said the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it's not unfair to require the opposing party to be subjected to the expense of discovery. Can you talk to me for a second about the district judge's decision not to approve the stipulation for the filing of the second or third complaint, depending upon which case? Yeah, of course. So we certainly feel that the complaint shouldn't have needed to be amended. We shouldn't have needed to put in those additional facts for all the reasons that I've said. But as noted in our brief, the Ninth Circuit, okay, I'm inside of two minutes. The Ninth Circuit noted that absent prejudice or a strong showing that any of the remaining informant factors, there exists a presumption under Rule 15a in favor of granting leave to lament. In this case, the parties hadn't even prepared their joint scheduling report. There were no dates. The case hadn't even barely gotten out of the gate. In this case, there certainly is no prejudice to the other side, and leave to lament should have been granted. Your Honors, in applying the Iqbal v. Toombley standard Did you want to save some time for rebuttal? Oh, yeah, of course. Yes. The only thing that I want to say is that this Court needs to be very cognizant that an application of a higher than necessary standard of pleading is more likely, particularly in cases like this, to prevent legitimate cases from proceeding forward than to prevent defendants from an unwarranted need, defending themselves from an unwarranted claim. Okay, thank you. Good morning, Your Honors, and may it please the Court. I'm Neil Galgrove on behalf of the Appellee Parties, H&M, Label Lane, and Entry, Inc. It's very interesting to hear plaintiff's counsel spend a great deal of his argument defending the sufficiency of the pleadings that are currently before the Court, particularly in light of the plaintiff's actions to file a stipulation before any motion to dismiss was filed at the district court level. The act of filing that stipulation is in itself an admission that the active pleadings before this Court are insufficient, and in fact, as much was admitted during the meet-and-confer process. Well, isn't that stipulation also an admission by you that there's no harm or prejudice in having that new complaint filed? Your Honor, we extended the stipulation as an act of professional courtesy, and in doing so, we made it very clear that we would be opposing, would be filing a motion to dismiss on the pending pleading as we would be if this Court were remanded at this point. Why would you stipulate to filing a new complaint if you're going to oppose the earlier complaint? Well... Other than being a nice guy, and I appreciate that, those are a little inconsistent. Well, we believed that it was our role to meet-and-confer in good faith, and in fact, we identified the insufficiencies of this complaint to the plaintiff. And the plaintiff said through error or admission or mistake that they had filed the wrong version, and so this new complaint came into play. And in our mind, it was not our role to instruct the plaintiff on what the correct action would be at that point, and it was in the discretion of the Court whether or not to grant that stipulation or not. And as I'll discuss briefly, there was no good cause to grant that stipulation ultimately due to the factual findings of the Court, due to the copyrights that are at play in this case. And in fact, there were other mechanisms available. After the stipulation had been denied, the plaintiff could have availed themselves of a Rule 60 motion and did not do that. Your opponent just said there was no prejudice in the new complaint. What is the prejudice? The prejudice... Because the District Court did not identify any prejudice, nor did the District Court identify any reasons other than a marginal entry saying no good cause, the conclusion, but without anything supporting that conclusion. Can you comment on both prejudice and good cause, please? Absolutely. We can speak to the lack of good cause comes from what had already been established at the District Court level. And that would be that under, specifically under Bernal v. Paradigm Talent, and Your Honor's question as to the legal difference between substantial similarity and striking similarity. Under Bernal v. Paradigm Talent, the works must be so similar as to preclude the possibility of independent creation. But what the District Court had before it was copyrights for both of the defendants' works. And the District Court had previously made factual findings outlining the specific differences, not only between the defendants' works and Malibu's work, but in fact, between the defendants' works themselves. And those factual findings, which cannot be overturned at this point, absent clear and to deny the stipulation. And this is why Malibu cannot fix its deficiencies, no matter how many chances it is given to replead, because Malibu's allegations under Clegg v. Cult Awareness Network and other authority do not need to be accepted when the evidence before the court, when the factual findings made by the District Court. Can you just pause for a second? You keep saying factual findings, which seems inconsistent with the posture of the case being on a 12b6 motion. What factual findings are you talking about? Your Honor, perhaps I misspoke. What I'm speaking of are the distinguishing characteristics identified by the court in their orders for the motion to dismiss. And that's an appropriate role for this court. Well, you're talking about just the pictures of the allegedly infringing fabric and the plaintiff's copyrighted fabric? We can look at those just as well as you and the District Court can, right? Absolutely. But the District Court looked at, the District Court in both of the motions to dismiss that were pending at this point, evaluated these works and established not just small variations, but in fact, for example, in the label lane design, that the label lane design has a two-petaled flower that Malibu's does not. You're, I guess, asking us to pay some deference to the whatever the District Court said. I actually think everything the District Court said about that is just wrong. But in any event, we can look at the pictures just as well as the District Court. So there's no deference to be to be paid to what the District Court said, right, in describing the supposed differences between the two pictures. We believe that there is some deference in that the. Well, but on the motion to dismiss, the review is de novo, isn't it? That's the standard. The review is, the standard review is de novo. However, we believe the court has defined these differences for presentation to the Ninth Circuit, to this court. And it's the District Court's role to do so. Judge Watford, this past summer in the Renton Easter versus Nike case, you had held that there are circumstances where judicial determination on these issues, the determination of these factual differences is appropriate and if not, in some cases, preferable to an extended discovery and trial period. And this moves us towards what is, we believe, to be the second significant issue in this case, which is that whether a pleading of independent creation in itself can be dismissed. And during the previous appeal of this case in 2016, this court provided explicit directions to Malibu as to how to meet the pleading standard, including extensive discussion of a requirement of pleading access by showing a chain of events, linking the pattern to the defendants or sales figures provided by dates and geographic distribution information. Can you remind me, I don't know if you guys were the lawyers who argued it the first time, but if I remember, the complaint back then did not have the pictures, right? I think you guys gave us the pictures in your briefs or something, or maybe they did. But if I remember, the pleading itself did not have the pictures. I believe the pictures had been placed into the record at that point. I'm not sure. I apologize, Your Honor, I cannot speak to whether or not they appeared in the complaint specifically. I guess the reason I'm saying that is because I don't think we ruled out the possibility on remand that Malibu Textiles could go forward on a striking similarity theory. Right. I just remember we had the pictures somehow before us on appeal, but I don't know if they were in the pleading. And so it seems to me on remand, if I'm right, they did put the pictures in the pleading this time. So there you have it. They look amazingly similar. And at least at the pleading stage, I don't see why that's not enough for them to go forward on a striking similarity theory. Now, maybe you all will be able to show, in fact, that it was your fabric was independently created. But that's for a much later stage of the case, it seems to me. Well, Your Honor, there's two points on that, which is the first that the presence of the copyrights, which themselves for the defendants works, which are prima facie evidence of striking similarity under the Bernal test. I think they post-date, though, the earliest, at least of the registrations that the plaintiffs are relying on. Those, they are later in time. However, under the Copyright Act, having been established within five years, they are granted that presumption. It is routine in some cases to have copyright registrations filed on the eve of trial. And those are deemed to be valid. I guess I just I don't see the relevance of those copyright registrations, again, on a motion to dismiss. That's obviously not something that's pleaded on the face of the complaint. That's not even something that I think that's proper for the district court to take into account in deciding whether the pleading is sufficient. Again, maybe once you all get into discovery and get to summary judgment, perhaps that's that'll be a winning argument for you. But it doesn't seem to me it holds much weight at this stage of the case. Well, we would we would ask this court to consider at least a balancing of the equities that the that the presumption of validity afforded those complaint those copyrights by the Copyright Act should be weighed in turn against the pleading of striking similarity that the plaintiffs have made. Beyond that, neither this circuit nor any other circuit has ever stated in a published opinion that a pleading of striking similarity in itself, absent a pleading of access, is sufficient to survive a motion to dismiss. And if you have a case anywhere that says so, whether it's this circuit or another circuit, that that's that states that there is striking similarity, you don't need access. Well, there are there are motion for summary judgment. That's not what I asked. Motion to dismiss stage of the case. Yes. Your Honor, this is why there are no motion to dismiss cases in the published cases in which a circuit court has allowed a statement of striking similarity by itself to overcome the pleading bar absent pleading of access. And that's particularly important in light of this court's explicit directions. In 2016, the last time this case was on appeal, instructing the defendant on how to all of that. And if you look at the active pleadings that are currently before this court, the access pleadings are actually worse. The access pleadings do not have widespread dissemination. Instead, they only have the conclusory speculative access allegations, for example, that that are that were rejected by this court and were rejected by the district court previously. So it it would seem that this court is maintaining and we would ask this court to maintain the requirement of pleading access to overcome the pleading bar. And we believe that that is supported by Iqbal and Twombly and supported by the Copyright Act, because there is a heightened standard in attempting to utilize striking similarity as a substitute for access. You know, you have about four minutes left. You want to say anything about your your own appeal on the attorney's fees? Absolutely, Your Honor. I think the the our own appeal on the fee motion comes to the attention of the district court, as well as the district court's own party resources. And in 2016, particularly, again, on the issue of access, counsel for plaintiffs stood at this podium and said that they could provide further details on access, that they could flesh out their allegations. And despite the directions of the district court, despite the directions of this court, they have not done that. As I noted a moment ago, the access allegations actually got worse. And that suggests to us that the access allegations and the two amended complaints that were rejected are worse than the standing complaints. Your Honor, you're speaking to the proposed. Yes. So the proposed that have not yet been filed before this court. Right. Those are in themselves insufficient. If you look at the statement of access, well, you said they become worse. You think? Oh, no, no. I apologize, Your Honor. What I'm saying is that the pleadings currently before the court are actually worse than the pleadings that were before this court in 2016, the original complaints, the original pleadings that this court reviewed. You don't think the proposed amended complaints, the second in one action, the third in the other, is there any improvement on that? We believe there is some improvement, but it's an insufficient improvement. The statement of access, particularly for widespread dissemination, is hundreds of thousands of sales of units that are either internationally or throughout the United States. It's not specified. It's not specified as to time. It's not specified as to geography, as this court explicitly directed. And we know that manufacturing, in this case, started in 1998. If you look at manufacturing starting in 1998. When you say manufacturing, on which side, plaintiff or defendant? So the plaintiff's allegation is that a million units were manufactured of this since 1998. That says nothing about distribution, and the only sales, the only distribution number is hundreds of thousands of units over a 20-year span. That's not specific to geography. It's not specific to time. It does not provide an opportunity for the defendants to have viewed this work. And so we believe that, without diving into the depths of the Kirksing and the Fogarty tests, that in light of the failure to still provide insufficient access allegations, that their continued litigation, that their continued defiance of the directions of this court and the district court to improve those access allegations, that that is what makes them unreasonable. That is what makes this claim frivolous. And so we would ask that you affirm the district court's dismissal with prejudice and remand for the determination of fees. And I'll reserve my time. Before your time runs out, if I may, one last question for you. I want you to comment on the LA Printex suit, which was a similar suit to this in the respect that it was also stylized floral design. Didn't the district court get it wrong by cherry-picking, in its order, certain dissimilarities between the two? When that case teaches us to look at the selection and arrangement of unprotected elements, that is, the whole as well, did the district court do that in this case? We believe that the district court attempted to evaluate between what is protectable expression and not protectable expression, that the district court properly sorted through the works that were before it. And that ultimately the determination made was that there's insufficient protectable expression here to state a claim. Again, particularly in light of the lack of access allegations in the current complaint or the proposed complaint. And I see I'm out of time, but I would hopefully ask the court for a moment to rebut, if I might. Thank you. We'll see if you'll need it. Thank you. You don't have much time left yourself. The last time we were here before this court, it said that to allege striking or substantial similarity, Malibu could have described the patterns of protectable elements such as selection, coordination, and arrangement of flowers, leaves, and branches, and identified those same elements in H&M's design. The court specifically said that we could properly allege access through striking similarity by doing exactly what we did. The complaint at issue should not have needed to be amended. The fact that Malibu was willing to go above and beyond and put in the type of detailed factual pleading not required simply to avoid another trip here is certainly not an admission that there's anything wrong with the prior pleading, and we're going to ask this court to hold that the complaint should not have been dismissed and was proper as pled. Thank you. Okay. Thank you. The case just argued is submitted.
judges: Tashima, Watford, Zouhary